NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—May, 1885.

WATERS *v.* COLLINS.

*In the matter of the judicial settlement of the account of* JOHN D. COLLINS *and another, as executors of the will of* RHINALDO M. WATERS, *deceased.*

Unless a testator distinctly indicates that one or more of his beneficiaries is to be preferred to others, or one or more of his bequests is founded upon a consideration, and is not, therefore, a mere bestowal of bounty, the courts will presume an intent that all should be paid alike, and, in case of a deficiency of assets, will direct a ratable abatement.

Testator, by his will, directed the establishment of a trust fund of $50,000, for the use of his daughter G., for life; and, by a codicil, bequeathed to C., one of the persons named as executors, $700, which sum, he declared, " is to be over and above any and all commissions that he may be entitled to receive as one of the executors," and was given upon condition that C. qualified and acted as executor, which he did. There

being a deficiency of assets, it was contended, on the one hand, that the trust provision in G.'s favor took precedence, as being made for the support and maintenance of a daughter; and, on the other, that the legacy to C. was not mere bounty, but was in the nature of a compensation for services expected from and actually rendered by the legatee.—

*Held,* that the two legacies must abate proportionally.

CONSTRUCTION of will, and codicil thereto, of decedent, upon judicial settlement of executor's account. The facts appear in the opinion.

JOHN D. COLLINS, *executor, in person.*

W. A. W. STEWART, *for U. S. Trust Co., trustee.*

THE SURROGATE.—This testator left a will and a codicil. The will directs his executors to pay over to the United States Trust company the sum of $50,000, for the use of his daughter Gertrude for life. By the codicil, John D. Collins, one of his executors, is bequeathed the sum of $700, " which said sum," to use the language of the testator, " is to be over and above any and all commissions that he may be entitled to receive as one of the executors of my said will, and is to be paid out of real or personal estate; but this legacy is limited upon the condition that said Collins shall accept, qualify and act as executor hereunder." The executors are now accounting, and have credited themselves with $630, advanced to Mr. Collins in part payment of his legacy. It seems that the assets of the estate are not likely to be adequate to satisfy, in full, the trust for the daughter and the Collins legacy.

The question arises, therefore, which of these two provisions, if either, is entitled to priority over the

other. Such priority is claimed for the former, because it is primarily a provision for the support and maintenance of testator's daughter. In behalf of Mr. Collins, on the other hand, it is urged that the bequest for his benefit is not mere bounty, but is in the nature of compensation for services that the testator expected him to render, and that, since testator's death, he has in fact rendered in the management of this estate; that such legacy is for that cause entitled to precedence, as well as for the additional reason that it is given by the codicil, which is a later expression of testator's purposes than is afforded by the will.

If there were any repugnance or inconsistency between the two papers, the latter would prevail; but there is not. The will and codicil must, therefore, be construed precisely as if the provisions of both were contained in one instrument. The executor's claim to priority because of the supposed consideration for the legacy in his behalf is not well founded.

In Heron v. Heron (2 *Atk.*, 171), it was held by Lord HARDWICKE that bequests to executors, even though given expressly for "care and pains," did not differ from general legacies so as to take them out of the ordinary rule in respect to abatement for deficiency of assets. The same doctrine was asserted in Attorney General v. Robins (2 *P. Wms.*, 24); in Fretwell v. Stacy (2 *Ver.*, 434); and in Duncan v. Watts (16 *Beav.*, 204).

As to the $50,000 provision, the fact that it is a bequest for maintenance does not give it priority (Wood v. Vandenburgh, 6 *Paige*, 277). The testator

provided that, if its full amount could not be raised out of the personal estate, the executors should sell the real estate, all or part, so as to produce it, but in this respect it has no advantage over the Collins legacy, which is expressly ordered to be satisfied " out of real or personal estate."

It is probable that, so far from intending to give either of these two provisions precedence over the other, the testator expected that both would be paid in full, and that his estate would be sufficient, indeed, to answer all his testamentary dispositions. I hold that, in case of a deficiency of assets, the two legacies must abate *pro rata* (Blower v. Morret, 2 *Ves. Sen.*, 419; Beeston v. Booth, 4 *Madd.*, 161; Thwaites v. Foreman, 1 *Coll. C.*, 409; Wood v. Vandenburgh, *supra*).